## McAFEE v. GRUBB.

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 31, 1914. Rehearing Denied March 7, 1914.)

MINES AND MINERALS (§ 78*)—OIL LEASE—DEVELOPMENT—FORFEITURE.

Complainant, in consideration of $1, granted to defendant a lease for the purpose of prospecting, drilling, or operating for oil or gas for 20 years from the date of the lease, and as long thereafter as petroleum, oil, gas, or minerals were found in paying quantities, the lessor to have one-tenth of all the oil produced,

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

to be marketed by the lessee, drilling to begin within 30 days, and to be prosecuted with diligence until the well was completed to a depth of 300 feet, unless oil was found in paying quantities at a less depth, a failure to drill as provided to invalidate the instrument. *Held* that, the lessee having developed an oil well on the land within the time specified, and pumped oil and paid royalties according to the terms of the lease, he became vested with the right to exploit the land in controversy for 20 years, and hence the lease was not subject to forfeiture because, after the lessee had drilled two other wells that were failures, he ceased efforts to develop the property.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. §§ 205–207; Dec. Dig. § 78.*]

Appeal from District Court, Clay County; P. A. Martin, Judge.

Action by Maria Grubb against C. M. McAfee. Decree for complainant, and defendant appeals. Reversed and rendered.

Taylor & Humphrey, of Henrietta, for appellant. H. A. Allen and Wantland & Parrish, all of Henrietta, for appellee.

SPEER, J. This suit was instituted by Mrs. Maria Grubb against C. M. McAfee to cancel the following oil and gas lease executed by Thomas Grubb, plaintiff's deceased husband:

"Know all men by these presents, that I, Thomas Grubb, of the county of Clay and state of Texas, for and in consideration of one dollar to me in hand paid by C. M. McAfee, the receipt of which is hereby acknowledged, and other consideration, have granted, demised, and let unto the said C. M. McAfee, his executors, administrators, and assigns, for the sole and only purpose of prospecting, drilling, or operating for and in petroleum, oil, gas, coal, or other minerals for the term of twenty years from the date hereof, and as long thereafter as petroleum, oil, gas, coal, or minerals are found in paying quantities, all that certain tract or parcel of land situated in Clay county, Texas, and described as follows, to wit:

"Survey Nos. 68, 69, 79, 67, of the Parker county school land as per plat of same recorded in Book B, p. 528, of Clay county, Deed Records.

"I, the said lessor, am to have one-tenth of all oil produced and saved from said land delivered free of costs in tanks or pipe lines by the said lessee, and the lessee is to market the above-mentioned oil, together with his, and settlement of same to be made monthly. In case gas, coal, or other minerals are found on said lands, the lessee is to pay the lessor such a royalty on the product which is mined as is customary to be paid. * * *

"The said lessee is to begin the drilling of a well within thirty days from the date hereof, and to prosecute the work with due diligence until said well is completed to a depth of 300 feet, unless oil is found in paying quantities at a less depth, and failing to drill the said well as above provided shall render this instrument of writing null and void as to all parties hereto.

"In witness whereof I hereunto set my hand this 26th day of August, A. D. 1903.
"Thomas Grubb."

The plaintiff alleged noncompliance with the terms of said lease, and an abandonment thereof by the defendant, and the defendant pleaded the general denial, and specially a compliance with the terms of said lease, and a denial that he ever abandoned the same. A trial before the district judge resulted in a judgment in favor of the plaintiff canceling the lease, and the defendant has appealed.

The undisputed facts show that within the 30 days stipulated for in the last paragraph of the lease contract quoted the appellant drilled a well upon the land in controversy to a depth of something less than 300 feet and struck oil in paying quantities, and that the well was pumped for oil, and royalties paid to the appellee, according to the terms of the lease. The evidence further shows that appellant subsequently drilled two other wells on the land; but they were failures, and he has since done nothing towards developing the property. Appellant insists that he has so far performed the conditions of his contract that his rights under the lease became vested for the full period of 20 years, and that the same was not subject to forfeiture for abandonment. While appellee contends that, since it is apparent the real consideration for the execution of the lease was the future royalties to be received from development of the land by the lessee, there is an implied obligation on the part of the lessee to use reasonable diligence to exploit the land and develop its minerals, for a failure in which respect the lease is subject to be forfeited. We are of the opinion that under the undisputed facts the trial court should have rendered judgment for appellant.

We think the case of O'Neil v. Sun Co., 123 S. W. 172, is decisive of the question involved. In that case the owner, O'Neil, entered into a lease contract with the Sun Company whereby he granted to the company the right to exploit a certain piece of ground, and to take therefrom the oil to be found. The agreement contained the following stipulations: "First. Said second party [the Sun Company] hereby agrees to commence with the drilling of a well on said tract of land within ten days from this date, and to complete the same with due diligence to such depth as is commonly recognized as the oil-producing depth in the vicinity of this tract of land, unavoidable accidents and delays excepted. Second. On the completion of said first well, if the same is a paying well, the second party agrees to commence the drilling of a second well on said acre of land within ten days after the com-

pletion and putting to pumping of said first well; and on the completion of said second well, if the same is a paying well, said second party agrees to commence with the drilling of a third well within ten days after the completion and putting to pumping of said second well." The lease further stipulated for the payment of a one-sixth royalty, and by its terms was to continue in force for the period of one year, and as long thereafter as oil or gas might be produced in paying quantities. It was held that the drilling of the first well by the lessee in accordance with the stipulations of the lease gave to the lessee a vested right under that instrument for the time stipulated therein, and accordingly that it was entitled to its proportionate five-sixth share in the oil produced by a well drilled by the owner himself on the land embraced within the lease during its life. In the opinion filed in the decision of that case, it is said: "In the first place the purpose of this contract was not the general development of the acre for oil production. The Sun Company entered into no such undertaking. It was expressly provided that only in the event of the first well being a paying well was the company obligated to sink a second well. * * * The undisputed evidence shows that the Sun Company in due time began a well at the southeast corner of the tract, which resulted in a total failure, at great cost to the company. Under the plain terms of the contract, no further obligation was imposed upon it to bore another well. There can be no doubt, however, that under this contract the company had the right to sink further wells, as many as it wanted to, upon the acre, or any unreleased portion of the acre, during the term of one year. This is by force of its performance of the expressed consideration. Its right to thus exploit this land according to its own discretion became vested by the terms of the contract when the consideration was performed."

So, here, by the express terms of the lease contract the consideration upon which appellant was to have the right to exploit the land in controversy for the period of 20 years was that he was to "begin the drilling of a well within thirty days from the date hereof, and to prosecute the work with due diligence until said well is completed to a depth of three hundred feet, unless oil is found in paying quantities at a less depth," and upon a compliance with such undertaking , the rights of appellant became vested for the full term of the lease, and were not subject to the forfeiture claimed by appellee. The cases cited by appellee do not support the court's judgment. They are all distinguishable from the case under consideration, and the distinction is well illustrated by a reference to Emery v. League, 31 Tex. Civ. App. 474, 72 S. W. 603, so much relied on by

appellee. Chief Justice Pleasants, speaking for the court, there said: "Of course a lessee might, by the payment of a valuable consideration, procure an option for a fixed time within which to prospect and develop mineral lands; but such is not the character of the contract under consideration. The beginning of the time in which appellant was to prospect and develop the land was not definitely fixed in the contract, and, unless he be held bound to take action within a reasonable time to procure a partition, there would be no time limit to the option granted him to prospect and develop the land. Under this construction of the contract it would be void for want of mutuality. The primary purpose of the contract being the development of the land, if the lessee was not bound to proceed with such developments, the lessor would not be bound to perform his part of the contract. No development of the land could be made until a partition had been procured." The lessee in that case had undertaken to procure a partition. So that it will be seen the very right decided in this case was recognized in that opinion.

For the reasons indicated, the judgment of the district court is reversed, and judgment here rendered in favor of appellant.